**BRYAN R. WHITTAKER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
E-Mail: Bryan.Whittaker@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **MARTIN JAMES WALSH,** Defendant. | CR 17-23-BU-DLC **OFFER OF PROOF** |

The United States hereby files its Offer of Proof.

## THE CHARGE

The defendant Martin James Walsh, is charged in the superseding information with the crime of possession with intent to distribute 500 grams or

1

more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

Pursuant to a plea agreement, the defendant will plead guilty to the superseding information. At the time of sentencing, the government will dismiss the indictment if the Court accepts the plea agreement.

The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order for the defendant to be found guilty of possession with intent to distribute methamphetamine as charged in the superseding information, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine;

Second, he possessed it with the intent to distribute it to another person; and

Third, he possessed with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine.

## PENALTY

This offense carries a mandatory minimum punishment of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

1. That beginning in and about June 2016, and continuing thereafter until on or about June 17, 2017, in Butte-Silver Bow, Madison, and Gallatin Counties, in the State and District of Montana, the defendant, MARTIN JAMES WALSH, knowingly and unlawfully possessed, with the intent to distribute, 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

2. More specifically, on October 27, 2016, the South West Montana Drug Task Force ("SWMDTF") used a confidential informant ("CI 1") to text Walsh about purchasing methamphetamine the following day. Walsh responded by saying yes come by, someone should be around. CI 1 texted Walsh and asked if purchasing an 8 ball (1/8 oz) of meth was ok. Walsh responded he was cool with it, and that one of us should be around. CI 1 texted again and asked Walsh

3

how much money to bring and Walsh replied $300. The following day CI 1 went to Walsh's home and purchased the methamphetamine from Walsh's girlfriend.

    3.    On November 4, 2016, the SWMDTF used an agent in an undercover capacity ("UC") accompanied by CI 1 to make contact with Walsh for the purpose of buying methamphetamine. The UC was provided with $700 in US currency for the purchase of 1/4 ounce which is equivalent to two eight balls of methamphetamine. A text message was sent by CI 1 to Walsh asking if CI 1 was able to come to the residence. Walsh replied, "we are here."

    4.    A short time later CI 1 and the UC pulled into the residence and knocked on the door. They were met by Walsh and an unkown male. Walsh told CI 1 to move the vehicle into the driveway so the neighbors wouldn't be suspicious of a vehicle parked across the street. CI 1 moved the vehicle, and re-entered the residence to talk to Walsh. Walsh stated he would sell CI 1 ¼ ounce of meth for $525. CI 1 counted the money for Walsh and Walsh told CI 1 that $500 was good enough and he would give CI 1 a deal. Walsh handed a small plastic baggie of meth to CI 1. CI 1 left the residence and drove back to the pre-determined meeting location. The agents took custody of the drug evidence.

    5.    On June 10, 2017, Madison County Sheriff Roger Thompson received information from a confidential informant ("CI 2") that a person by the name of

4

Martin Walsh was living in Twin Bridges and was dealing a variety of drugs from his home. Walsh was described as having many drug contacts in and around Madison County.

6. Sheriff Thompson was aware of the two prior controlled purchases of drugs in October and November 2016 from Walsh. Sheriff Thompson asked CI 2 to make contact with Walsh and attempt to purchase heroin. CI 2 contacted Walsh via cell phone and Walsh invited CI 2 to his home to purchase illegal drugs. CI 2 went to Walsh's house and went inside. As short time later, CI 2 left the location and met back with officers at a predetermined location. Police continuously surveilled CI 2 during the drug transaction. CI 2 turned over to law enforcement a package with a brown substance that was sold to him by Walsh. It was field tested and tested positive for heroin.

7. Based upon the information from the controlled purchases, Sheriff Thompson applied for and obtained a state search warrant for Walsh's residence in Twin Bridges, Montana. On June 17, 2017, officers executed the warrant. During the search, officers found a digital scale, several glass smoking pipes, a large box containing four bags of a white crystalline substance that tested positive for methamphetamine. Walsh was home at the time of the search. He was detained and read his Miranda rights. After Sheriff Thompson had found the

bag(s) with the meth, Walsh requested to speak with Sheriff Thompson. Walsh stated that he had been selling ounces of meth in Madison County as well as Bozeman and Butte. The amount of methamphetamine found in Walsh's residence was approximately 260 grams.

8. The investigation further showed that Walsh had been selling large amounts of methamphetamine to one of his distributors. Sometimes Walsh provided meth to this distributor on a front. In July, Walsh sold ½ ounce quantities two times a week (4 ounces or 113 grams). The quantity of methamphetamine Walsh sold to his distributor increased rapidly. By August 2016, the distributor was working full-time for Walsh and selling at least one ounce of meth a week (8 ounces or 226 grams). Likewise, in September, Walsh sold one ounce a week (113 grams). In October, Walsh sold a ¼ pound (113 grams) for $3200. In November, he sold a ½ pound (226 grams) for $5500 to $6000. In December, he sold ¾ pound (340 grams) for $10,000. In January 2017 he sold a ¼ pound twice (226 grams).

9. The suspected methamphetamine found in Walsh's residence on June 17, 2017, was sent to the DEA Western Regional Laboratory for testing. The

laboratory confirmed that the substance tested positive for methamphetamine a Schedule II controlled substance.

DATED this 18th day of April, 2018.

>KURT G. ALME
>United States Attorney
>
>/s/ *Bryan R. Whittaker*
>Assistant United States Attorney
>Attorney for Plaintiff