IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MARTIN WALSH and DORA WALSH,<br><br>Plaintiffs,<br><br>vs.<br><br>ROGER THOMPSON; MADISON COUNTY, MONTANA; and DOES 1-10,<br><br>Defendants. | CV 20-63-BU-JTJ<br><br>ORDER |

The Court conducted a hearing on all pending motions on September 26, 2022. For the reasons discussed in open court,

IT IS HEREBY ORDERED:

1. Defendant Madison County's Motion for Summary Judgment (Doc. 51) is TAKEN UNDER ADVISEMENT.

2. Defendant Roger Thompson's Motion for Summary Judgment (Doc. 55) is TAKEN UNDER ADVISEMENT.

3. Defendant Madison County's Motion in Limine No. 1 (Doc. 59-1) is GRANTED. Plaintiffs are prohibited from presenting testimony alleging that the Madison County's Sheriff Department or Defendant Thompson engaged in misconduct after their arrests.

    4.    Defendant Madison County's Motion in Limine No. 2 (Doc. 59-2) is GRANTED to the following extent:

    a.    Plaintiff Martin Walsh is prohibited from presenting hearsay or speculative testimony that Madison County law enforcement officers may have planted evidence or committed constitutional violations in other cases.

    b.    Plaintiff Martin Walsh is prohibited from presenting hearsay or speculative opinions that Madison County failed to properly train its law enforcement officers.

    5.    Defendant Madison County's Motion in Limine No. 3 (Doc. 59-3) is GRANTED in part, and DENIED in part, as follows:

    a.    Plaintiffs' expert witness Chris Hickman (Hickman) is prohibited from testifying that Madison County's failure to have policies and procedures for handling confidential informants caused Defendant Thompson to handle a confidential informant in an unethical and illegal manner.

    b.    Hickman is prohibited from testifying that Madison County Sheriff Deputies would have intervened in the controlled buy operation lead by Defendant Thompson if they had been properly trained.

    c.    Hickman is prohibited from testifying that Defendant Thompson was planning to frame another offender in a firearms case.

    d.    Hickman is prohibited from offering an opinion as to whether Defendant Thompson is a credible person.

    e.    Hickman may testify that Defendant's Thompson's conduct in connection during a controlled buy and subsequent search of the Plaintiffs' home was suspicious, so long as Hickman describes facts that support his opinions.

    f.    The portion of Motion in Limine No. 3 that seeks an order prohibiting Hickman from offering an opinion that Defendant Thompson more likely than not planted methamphetamine in the Plaintiffs' home is DENIED without prejudice, subject to renewal at trial.

6.    Defendant Madison County's Motion in Limine No. 4 (Doc. 59-4) is GRANTED to the following extent:

    a.    Plaintiffs' counsel is prohibited from asking the jurors to put themselves in the place of the Plaintiffs when determining their verdict. However, Plaintiffs' counsel may argue that law enforcement officers should not be allowed to engage in unlawful conduct.

7.    Defendant Thompson's Motion for Attorney's Fees (Doc. 37) is DENIED without prejudice, subject to renewal upon conclusion of the trial.

DATED this 28th day of September, 2022.

John Johnston
United States Magistrate Judge